UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PENSMORE REINFORCEMENT
TECHNOLOGIES, LLC,

          Case No. 2:20-cv-13073

          HONORABLE STEPHEN J. MURPHY, III

    Plaintiff,

v.

MCCLAY INDUSTRIES PTY, LTD.,
and REUBEN RAMSAY,

    Defendants.
                             /

## OPINION AND ORDER
## DENYING MOTION TO DISMISS [17]

In the present trade secrets case, Defendants moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. ECF 17. The parties fully briefed the motion, and a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the Court will deny the motion to dismiss.

### BACKGROUND

Defendant McClay Industries is incorporated and has a principal place of business in Australia. ECF 16, PgID 233; ECF 17-1, PgID 314. Its Director, Reuben Ramsay, is Australian and resides there as well. ECF 17-1, PgID 313–14.

Defendants' connections to the United States are limited. In 2013, McClay Industries signed a non-disclosure agreement ("NDA") with Plaintiff. ECF 16-1, PgID 267; ECF 17-1, PgID 315. The NDA ended in January 2020. ECF 16-1, PgID 267. The

1

NDA was "binding upon the Parties, their officers, employees[,] and agents" and was "subject to the laws and jurisdiction of the State of Michigan." *Id.* McClay later signed a 2019 NDA with Plaintiff that was also "binding upon the Parties, their officers, employees[,] and agents" and "subject to the laws and jurisdiction of the State of Michigan." ECF 16-2, PgID 269; ECF 17-1, PgID 316. The NDA ends in 2024. ECF 16-2, PgID 269. Director Ramsay signed both NDAs on behalf of McClay Industries. ECF 16-1, PgID 267; ECF 16-2, PgID 269.

McClay Industries "does not directly sell or distribute any products in the United States" and has maintained no office or property in the United States. ECF 17-1, PgID 314. McClay Industries does not have employees in the United States. *Id.* at 315. Director Ramsay claimed that he has only thrice traveled to the United States for business; and two of those times he traveled to a Las Vegas trade show and stayed at a home that Plaintiff rented. *Id.* at 317–18; ECF 20-1, PgID 513. Plaintiff, however, asserted that Director Ramsay has traveled to the United States twice more for sales trips. ECF 20-1, PgID 513.

**LEGAL STANDARD**

When a defendant moves to dismiss for lack of personal jurisdiction "the plaintiff always bears the burden of establishing that jurisdiction exists." *Serras v. First Tenn. Bank Nat'l Assoc.*, 875 F.2d 1212, 1214 (6th Cir. 1989) (citations omitted). The Court may decide the motion based on "affidavits alone," may permit discovery before deciding the motion, or "may conduct an evidentiary hearing." *Id.* (citation omitted). If the Court resolves the motion "on written submissions alone," and the

2

defendant submits affidavits to combat a finding of personal jurisdiction, the plaintiff must assert specific facts that show jurisdiction. *Id.* (citation omitted). The Court considers all written submissions, including pleadings and affidavits, "in the light most favorable to the plaintiff." *Id.* (citation omitted).

If the Court's jurisdiction is based on federal question, then "personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process.'" *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003) (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)) (alterations omitted). But when "the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Id.* (citing *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996)); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 903 n.8 (2011) (listing Michigan as a state whose "long-arm provision[] allow[s] the exercise of jurisdiction subject only to a due process limitation").

## DISCUSSION

Michigan's general personal jurisdiction statute for corporations allows courts to exercise jurisdiction over a corporation if the corporation consents to personal jurisdiction. Mich. Comp. Laws § 600.711(2); *see also* § 600.701(3) (same for individuals). "[A] foreign corporation may consent to Michigan jurisdiction through a valid forum selection and choice of law clause." *Belanger, Inc. v. Car Wash*

3

*Consultants, Inc.*, 452 F. Supp. 2d 761, 764 (E.D. Mich. 2006) (citing *Burger King Corp. v. Rudzewicz*, 741 U.S. 462, 473 n.14 (1985)); *see also Innovation Ventures, LLC v. Custom Nutrition Labs., LLC*, 946 F. Supp. 2d 714, 718–19 (E.D. Mich. 2013).

McClay Industries consented to Michigan's general jurisdiction because the parties agreed to the forum selection clause in the NDAs. The NDAs' plain text stated that each NDA is "subject to the laws *and jurisdiction* of the State of Michigan." ECF 16-1, PgID 267; ECF 16-2, PgID 269 (emphasis added). The forum selection clause also applies to Ramsay—McClay Industries's Director. ECF 16-1, PgID 267; ECF 16-2, PgID 269; ECF 17-1, PgID 313; *see Wilson v. 5 Choices, LLC*, 776 F. App'x 320, 329 (6th Cir. 2019) ("[N]on-parties should . . . be subject to forum selection clauses where the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants.") (quotation and quotation marks omitted). After all, the NDAs that Director Ramsay signed were "*binding* upon the Parties, their *officers*, *employees*[,] and *agents*." ECF 16-1, PgID 267; ECF 16-2, PgID 269 (emphasis added). And when tort claims "ultimately depend on the existence of the contractual relationship between the parties, or . . . [the] interpretation of the contract, or . . . involve the same operative facts as a parallel claim for breach of contract," the conduct is linked to the contract and thus binding on non-parties. *Thomas-Williams v. MGM Grand Detroit LLC*, No. 08-11030, 2009 WL 916952, at *4 (E.D. Mich. 2009). Like many trade secrets cases, Plaintiff's claims hinge on whether Defendants misused information shared under the parties' NDAs. *See generally* ECF 16.

4

Contrary to Defendants' arguments, ECF 21, PgID 518–19, the unambiguous command of the forum selection clause is a specific consent to personal jurisdiction. ECF 16-1, PgID 267; ECF 16-2, PgID 269 (stating that the NDAs are "subject to the laws *and jurisdiction* of the State of Michigan."); *see Jurisdiction*, Black's Law dictionary (11th ed. 2019) ("A government's general power to exercise authority over all persons and things within its territory . . . . A geographic area within which political or judicial authority may be exercised."). "Michigan law . . . requires the Court to enforce unambiguous contract language." *Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, --- F. Supp. 3d ---, 2021 WL 3510834, at *2 (E.D. Mich. 2021) (Murphy, J.) (quoting *Vill. of Edmore v. Crystal Automation Sys. Inc.*, 322 Mich. App. 244, 263 (2017)). Because the parties plainly agreed to the "jurisdiction of the State of Michigan," the Court will enforce the NDAs as written.

Next, the forum selection clause does not fall under the Mich. Comp. Laws § 600.745(2)(b) exception.[1] Under the exception, the Court may not enforce a forum selection claims if Michigan is not "a reasonably convenient place for the trial of the action." The Court must weigh several factors to find whether the exception applies. *Lease Acceptance Corp. v. Adams*, 272 Mich. App. 209, 226–27 (2006).

Defendants highlighted two reasons why Michigan is not a reasonably convenient place to try the case. First, the "relevant events occurred in Australia . . . and most relevant witnesses are in Australia." ECF 17, PgID 309

---

[1] Defendants argued only that subsection (2)(b) applies to the present motion. ECF 17, PgID 301.

(emphasis omitted). And second, "Michigan does not have an interest in regulating competition in Australia." *Id.*

But the arguments are incomplete. Although Defendants have allegedly downloaded confidential information and trade secrets from Australia, ECF 16, PgID 236, 246–47, the servers that they accessed were in Michigan and other States, *id.* at 236, 249. And the servers recorded Defendants' electronic footprints each time they accessed the servers. *Id.* at 245. Defendants also received confidential information and trade secrets in emails sent from Plaintiff's Michigan employees. *Id.* at 250. Defendants eventually sold products using the confidential information and trade secrets to sell a California product. *Id.* at 237. At minimum, based on the acts set forth in the amended complaint, the relevant events occurred in both Australia and Michigan. Plus, Michigan has a significant interest in protecting its businesses' intellectual property. The present case is therefore a far cry from "regulating competition in Australia"; ECF 17, PgID 309, it is about protecting Michigan businesses from foreigners who allegedly steal their sensitive information during a prolonged business relationship. At bottom, Michigan is a reasonably convenient place to try the present trade secrets dispute, and the Mich. Comp. Laws § 600.745(2)(b) exception does not apply.

Still, Defendants claimed that the forum selection clause is unenforceable. ECF 17, PgID 301. Federal law applies to whether a forum selection clause is invalid. *See Williams Ins. & Consulting, Inc. v. Goosehead Ins. Agency, L.L.C.*, 533 F. Supp. 3d 555, 557–58 (E.D. Mich. 2020) (Cleland, J.) (collecting cases); *see also Mich.*

*Custom Machs., Inc. v. AIT Worldwide Logistics, Inc.*, 531 F. Supp. 3d 1208, 1214 (E.D. Mich. 2021) ("Federal courts construing forum selection clauses apply federal common law.") (citation omitted). "Under federal law, '[a] forum selection clause should be upheld absent a strong showing that it should be set aside.'" *Goosehead Ins. Agency, L.L.C.*, 533 F. Supp. 3d at 558 (citing *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009)). "[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (quotation and alteration omitted). Defendants bear the burden to show that the Court should not enforce the forum selection clause. *Wong*, 589 F.3d at 828 (citation omitted).

In short, Defendants do not meet the burden. The court considers three factors to determine whether to enforce a forum selection clause: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 930 (6th Cir. 2014) (quotation omitted). The first two factors do not apply and neither party has suggested otherwise. ECF 17, PgID 308–09; ECF 20, PgID 504–06. And the third factor is merely a rehash of Defendants' arguments that the forum selection clause falls under the Mich. Comp. § 600.745(2)(b) exception to general jurisdiction. *See* ECF 17, PgID 301, 308–09 (explaining that Defendants' arguments about whether Michigan is "reasonably convenient" is the same as whether exercising jurisdiction

7

over Defendants would be unreasonable). No good reason exists for why it would be unjust to require Defendants to litigate the case in Michigan; Defendants allegedly had a business agreement with Plaintiff and then violated the terms to steal information from Michigan servers. Because the forum selection clause is not "unreasonable and unjust," the clause also "does not offend due process." *Burger King*, 471 U.S. at 472 n.14.

Beyond the three factors, the Court may set aside the forum selection clause "if 'enforcement would contravene a strong public policy' of the forum state." *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229–30 (6th Cir. 1995) (citing *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). But Defendants have not identified a strong Michigan policy against enforcing the forum selection clause. *See* ECF 17, PgID 309. To the contrary, "[i]t is undisputed that Michigan's public policy favors the enforcement of contractual forum-selection clauses and choice-of-law provisions." *Turcheck v. Amerifund Fin., Inc.*, 272 Mich. App. 341, 345 (2006) (citation omitted).

Last, Defendants' argument that the NDAs cannot "serve as the basis of Plaintiff's claims" is improper to assert in a Rule 12(b)(2) motion. ECF 17, PgID 300. The argument would, however, be proper in a Rule 12(b)(6) motion that tests whether the amended complaint's allegations about the NDAs "fail[] to state a claim upon which relief can be granted."

Because the Court has general personal jurisdiction over Defendants, the Court need not resolve whether there is specific personal jurisdiction. The Court will therefore deny the Rule 12(b)(2) motion to dismiss the amended complaint.

8

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [17] is **DENIED**.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: January 7, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 7, 2022, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager