UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PENSMORE REINFORCEMENT TECHNOLOGIES, LLC, d/b/a HELIX STEEL , | Case No.: 20-13073 |
| Plaintiff, | Shalina D. Kumar<br>United States District Judge |
| v. | |
| MCCLAY INDUSTRIES PTY, LTD., and REUBEN RAMSAY, | Curtis Ivy, Jr.<br>United States Magistrate Judge |
| Defendants. | |
| _____/ | |

## ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF No. 34)

**A.  Background**

Plaintiff Pensmore Reinforcement Technologies, LLC, d/b/a Helix Steel ("Helix") sued defendants McClay Industries and Reuben Ramsay for breach of non-disclosure agreements and trade secret misappropriation.  Defendant McClay Industries is an Australian company that worked as an authorized distributor for Helix in Australia.  Ramsay is a director, shareholder, and owner of McClay Industries.  (ECF No. 16, PageID.233-34).  Helix manufactures Micro Rebar, a product mixed into concrete to make the concrete stronger and more durable than concrete with traditional rebar.  Helix alleges that the defendants had access to its trade secrets, including the Micro Rebar design software, during the parties' relationship.  (*Id.* at PageID.244-45).  After the business relationship ended, the

defendants allegedly used the trade secret information they obtained and wrongfully kept from Helix to create and sell a similar product for their newly created competitor company, SteelX Rebar. (*Id.* at PageID.250).

Helix moved to compel responses to its first set of interrogatories and first requests for production of documents ("RFPs") on July 11, 2022. (ECF No. 34). The Court heard oral argument on the motion on September 27, 2022, and held a telephonic status conference on October 31, 2022. For the reasons below, the motion is granted in part, denied in part.

**B.     Analysis**

    1.     General Discovery Principles

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to

'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  Fed. R. Civ. P. 37.

    2.    Discussion

        1.    Seeking Concurrence

Defendants argue the motion is not properly before the Court because Plaintiff did not seek concurrence pursuant to this district's Local Rule 7.1.  Plaintiff asserts that it followed Local Rule 37.1, which requires the parties to confer before a hearing on a motion to compel to narrow the issues.  And Plaintiff spoke with Defendants' counsel several times to discuss Defendants' discovery responses, which it contends complies with Local Rule 7.1.

Conferring in accordance with Local Rule 37.1 does not constitute a meet and confer under Rule 7.1.  Rule 7.1 requires the moving party to determine whether its motion will be opposed, and if so, to certify in the motion that concurrence in the motion was sought but not obtained.

Although Plaintiff did not follow Rule 7.1, it was in communications with Defendants' counsel regarding the issues raised here and pursuant to Rule 37.1.

3

These rules aim to avoid motion practice when there is no dispute. The disputes raised here were not resolved before the hearing. So while Plaintiff did not follow Rule 7.1, there is no harm done, and the motion will not be denied on that basis. That said, Plaintiff must seek concurrence before filing a motion pursuant to Rule 7.1 or the motion will be summarily stricken.

### 2. Interrogatories

Plaintiff argues the responses to interrogatories were deficient. The responses fall into three categories: boilerplate objections with no response (Int. Nos. 2-6, 8-10, and 16-17), responses regarding affirmative defenses (Int. Nos. 13-15), and partial responses (Int. Nos. 1 and 11-12).

In the first category, Plaintiff argues that the objections are form, boilerplate objections that should be deemed waived. The objections state that the interrogatories are overbroad, excessively burdensome, seek irrelevant information not likely to lead to the discovery of admissible evidence, seek confidential or proprietary information, and Plaintiff did not define terms, such as "confidential information." (*See* ECF No. 34-3, PageID.803-16). Plaintiff asserts that the requests seek relevant information. As for "confidential information," that term was defined in the interrogatories. (ECF No. 34, PageID.735-36).

A "boilerplate" objection is "invariably general." *Wesley Corp. v. Zoom T.V. Prod., LLC*, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018). "'Boilerplate

or generalized objections are tantamount to no objection at all and will not be considered by the Court.'" *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols., Inc.*, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) (quoting *Nissan N. Am., Inc. v. Johnson Elec. N. Am., Inc.*, 2011 WL 669352, at *2 (E.D. Mich. Feb. 17, 2011)). Defendants' objections that the requests are overbroad, irrelevant, seeking confidential information, etc. are boilerplate. "[A] party cannot rely upon a boilerplate objection that simply uses the terms 'undue burden,' or 'overly broad' as if the very terms were self-proving." *Graves v. Standard Ins. Co.*, 2015 WL 13714339, at *9 (W.D. Ky. May 22, 2015).

The onus is on Defendants to establish the exact nature of the burden; they did not meet that burden. These interrogatories must be supplemented **within 14 days** of this Order. As for the issue of what constitutes "trade secret," Plaintiff defined the trade secrets it asserts were misappropriated in the complaint at paragraphs 48-57, and the confidential information is also defined in the non-disclosure agreement and in the interrogatories. The scope of these interrogatories is clear, and to the extent that issues remain, the parties should confer about the scope.

According to Plaintiff, the three interrogatories that seek the factual bases of Defendants' affirmative defenses were not sufficiently answered. Defendants' responses referred Plaintiff to their Rule 11 motion filed on June 29, 2022.

Plaintiff argues that motion and the affirmative defense interrogatories are unrelated. (ECF No. 34, PageID.736-37). The Rule 11 motion argues that Plaintiff's information is not trade secret, that the breach of contract claims ignore the plain language of the agreements, and that there is no factual basis for the unfair competition or conversion claims. Thus, Plaintiff should be sanctioned for bringing those claims. (ECF No. 33).

Interrogatory No. 13 asks for factual and legal support for the contention that Defendants have not breached the non-disclosure agreements. Interrogatory No. 14 asks for the bases for the affirmative defense that Plaintiff's claims are barred by the statute of limitations. Interrogatory No. 15 asks for the bases for the affirmative defense that Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, prior release, payment, res judicata, collateral estoppel, unclean hands, etc. (ECF No. 34-3, PageID.813-15).

The response to Interrogatory No. 13 is sufficient. In the Rule 11 motion, Defendants argued that Plaintiff did not allege facts supporting breach of the non-disclosure agreements because the agreement expired on January 1, 2020, and the breach of contract claims are baseless because none of the information at issue is confidential or trade secret. (ECF No. 33, PageID.653-55). These explanations speak directly to Interrogatory #13. The Rule 11 motion does not, however, address the statute of limitations or the list of defenses in Interrogatories 14 and 15.

6

Therefore, reference to the motion is insufficient. Defendants must supplement responses to interrogatories 14 and 15 **within 14 days** of this Order.

Plaintiff argues the partial responses to interrogatories 1 and 11-12 are insufficient. Interrogatory No. 1 asks for the name, title, job description, and address for each owner/employee/independent contractor of McClay from December 1, 2013 to the present. Apart from boilerplate objections, Defendants responded by identifying Ramsay as the owner and director of McClay, that it engaged subcontractors during its time with Plaintiff (an affiliated third party), and stating that McClay has "two or three staff members" who can be reached through counsel. Defendants also stated that documents sufficient to identify those individuals will be produced in response to RFP no. 1. (ECF No. 34-3, PageID.802). According to Plaintiff, there have been no responses to RFP no. 1.

Given that the objections are boilerplate, and as explained above such objections are tantamount to no objection, Defendants must provide a more thorough response to this interrogatory or provide the information via a response to RFP no. 1 **within 14 days** of this Order. Document requests are addressed below.

Interrogatory no. 11 asks Defendants to identify the portions of Plaintiff's website and source materials used by Defendants in forming or developing their website. After boilerplate objections, Defendants stated that they built their website using Zoho Sites platform and the substance of their website is sourced

from third parties. (ECF No. 34-3, PageID.812). Plaintiff argues that the response does not answer the question—identify any of Plaintiff's information used to help construct the website. (ECF No. 34, PageID.738). Plaintiff suspects that Defendants used its information to develop the website in part because when individuals subscribed to SteelX's newsletter, the website sent a confirmation email welcoming them to "Helix Steel." (*Id.* at n. 5). Plaintiff believes this stems from copying and pasting its code into Defendants' website.

Defendants' response is insufficient because it does not directly answer the interrogatory. Defendants should be compelled to respond more fully to the interrogatory **within 14 days** of this Order. If their position is that they did not use any of Plaintiff's information, they must say as much.

Interrogatory no. 12 asks Defendants to describe the factual and legal bases supporting their contention that they did not misappropriate Plaintiff's trade secrets or confidential information. Defendants pointed to their Rule 11 motion. (ECF No. 34-3, PageID.813). Plaintiff did not provide argument specifically on this interrogatory. For the same reasons interrogatory no. 13 is sufficiently answered by reference to the Rule 11 motion, so too is interrogatory no. 12—the motion provides the bases for Defendants' position. They argued that the information listed in the amended complaint is not trade secret. (ECF No. 33, PageID.650-52).

        3.     Requests for Production of Documents

Plaintiff argues that every response to the RFPs is boilerplate and Defendants have produced no documents. In briefing and during oral argument, Defendants' counsel represented that document search and production was in progress. For this reason, the Court scheduled a telephonic status conference to hear from the parties whether documents have been produced and any issues remain. During the telephonic status conference, Plaintiff's counsel informed the Court that no documents had been produced. Defendants' counsel stated that after the hearing the parties were trying to schedule a settlement conference and conferring on the scope of discovery. Defendants' position on document production is that, since a settlement conference is upcoming, full document production would be unnecessary. In an effort to resolve the issue, Plaintiff separated the requested documents into four categories in order of priority. It wants documents from categories one through three to be produced by November 17, 2022, on a rolling basis, to allow two weeks for review of the documents prior to the planned settlement conference. The fourth category is the bulk of documents (over 100,000 documents). Defendants' counsel stated it would take around five weeks to review and produce documents from those categories. Plaintiff's position is that it has been six months since the requests were served and Defendants could have been reviewing documents since then, and, since privileged documents have already been removed, it should not take five weeks.

Defendants' boilerplate objections to the RFPs are not objections the Court will consider.  Thus, the time it will take to review the documents is the only argument against compelling production by November 17, 2022, in advance of the parties' settlement conference, but this is not a valid reason to continue to delay production.  Defendants must produce documents responsive to categories one through three **no later than November 17, 2022**.  The documents must be produced on a rolling basis to allow Plaintiff an opportunity to review them as they prepare for the settlement conference.

        4.       Rule 37 Sanctions

A requesting party that alleges that a producing party has not complied with the requirements of the discovery rules may move for an order compelling the production of the information that was allegedly not produced.  Rule 37(a)(1) and (a)(3)(iii) and (iv).  If the order is granted the court "must . . . require the party . . . whose conduct necessitated the motion . . . pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Rule 37(a)(5)(A).  An exception to the award of costs exists when there was no attempt to resolve the matter without court action, the failure to respond was "substantially justified," or other circumstances make the award "unjust."  *Id*.

Plaintiff was successful on this motion, but only in part.  Defendants are ordered to pay 75% of the costs and fees incurred by Plaintiff in bringing this

motion. Plaintiff must provide to Defendants a bill of costs showing the total costs and 75% of the total within 10 days of this Order. The parties should confer on the issue of costs and fees. If a dispute arises, Plaintiff should contact chambers to schedule a telephonic status conference.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: November 1, 2022         s/Curtis Ivy, Jr.
                               Curtis Ivy, Jr.
                               United States Magistrate Judge